# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

MARK STINSON,                                                                                      PLAINTIFF
REG. #29908-076

v.                                          2:20CV00187-BSM-JTK

B. SCHMIDT, et al.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    Introduction**

Plaintiff Mark Stinson is a federal inmate incarcerated at the Forrest City Federal Prison Camp, who filed this federal civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971). (Doc. No. 2) This Court granted Plaintiff's Motion to Proceed <u>in forma pauperis</u> on October 20, 2020, and directed him to submit an Amended Complaint. (Doc. No. 6) Plaintiff has now submitted an Amended Complaint. (Doc. No. 7) Having reviewed such, the Court finds it should be dismissed, for failure to state a claim

upon which relief may be granted.

## II.     Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).   An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true,

to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III.    Facts and Analysis

"A Bivens claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." Buford v. Runyon, 160 F.3d 1199, 1203, n. 6 (8th Cir. 1998). Plaintiff alleged in his Amended Complaint that Defendants placed him in the Special Housing Unit (SHU) for twenty-one days without filing a disciplinary charge against him, and in retaliation for a prior lawsuit he filed, 2:19cv00016. (Doc. No. 7) He claimed that during his time in the SHU he was not permitted outside, and was denied access to law library and church. (Id.) He asked for monetary relief against Defendants.

In Ziglar v. Abbasi, the United States Supreme Court held that a federal implied damages remedy applies in three circumstances: "a claim against FBI agents for handcuffing a man in his own home without a warrant; a claim against a Congressman

for firing his female secretary; and a claim against prison officials for failure to treat an inmate's asthma." 137 S.Ct. 1843, 1860 (2017) (citing Bivens, 403 U.S. 388 (1971); Davis v. Passman, 442 U.S. 228 (1979); and Carlson v. Green, 446 U.S. 14 (1980)) The Court also stated that expanding Bivens outside those contexts is "a disfavored judicial activity. Ziglar, 137 S.Ct. at 1857.

In Hawk v. Ecoffey, an inmate alleged that federal officials violated his constitutional rights when they failed to submit the necessary documents related to his federal indictment and conviction. No. CIV. 19-5012-JLV, 2020 WL 999010 * 2 (D.S.D. 2020). The court held that the inmate appeared to challenge the validity of his conviction, and that his due process claim did not "resemble the Bivens claims approved by the Supreme Court." (Id.) In addition, in Gordon v. Cain, the Court held that Ziglar precluded a federal inmate's First Amendment retaliation claim in a Bivens action. No. 2:17cv00194-JJV, 2018 WL 10075598 (E.D.AR. 2018).

In light of this case law, the Court finds that Plaintiff's retaliation claim fails to state a claim upon which relief may be granted. The Court also notes that the case Plaintiff claims initiated this retaliation was a claim for habeas corpus relief based on alleged pretrial and trial errors, and did not involve any of the defendants in this action, except Defendant Hendrix, his custodian. See Stinson v. Hendrix, 2:19cv00016-BSM-JTK.

In addition, to state a Fourteenth Amendment due process claim, Plaintiff must "demonstrate that he was deprived of life, liberty or property by government action."

Phillips v. Norris, 320 F.3d 844, 846 (8th Cir. 2003). Although Plaintiff alleged he was subjected to some restrictions during the twenty-one days in the SHU, he was not deprived of life or property; therefore, he must identify the deprivation of a liberty interest to sustain a due process challenge to his prison disciplinary proceeding. Id. at 847; Sandin v. Conner, 515 U.S. 472, 484 (1995). A prisoner has no liberty interest in having certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement." Phillips, 320 F.3d at 847. "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" Phillips, 320 F.3d at 847 (quoting Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997)). However, in this case, Plaintiff's claim of loss of outside recreation, law library, and church for twenty-one days are insufficient to support an atypical and significant hardship claim, as set forth in Sandin.

## IV.   Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint against Defendants be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison

Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

    3.    The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 3rd day of November, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.  See also Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998), where the Court held that a complaint construed as stating both habeas and section 1983 claims which was dismissed as frivolous and for failure to exhaust state court remedies, could be considered a "strike" within the meaning of the PLRA.